UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X  C/M
  MELVIN BAEZ,                                             :
                                                           :
                              Plaintiff,                   :
                                                           :   **MEMORANDUM DECISION AND**
                 - against -                               :   **ORDER**
                                                           :
  CITY OF NEW YORK, P.O. MARK LEWIS,                       :
  P.O. LIN, D.A. RICHARD BROWN, ADA                        :   17 Civ. 7063 (BMC)
  COURTNEY CHARLES,                                        :
                                                           :
                              Defendants.                  :
                                                           :
----------------------------------------------------------- X

**COGAN,** District Judge.

Plaintiff Melvin Baez, incarcerated at Ogdensburg Correctional Facility, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging false arrest, malicious prosecution, and illegal search in violation of his constitutional rights arising from his February 4, 2014 arrest and detention in Queens, New York, and his subsequent prosecution in the Supreme Court of New York, Queens County. He seeks damages, as well as the firing and arrest of the prosecutors assigned to his case. Plaintiff's request for *in forma pauperis* status, pursuant to 28 U.S.C. § 1915 is granted.[1] For the reasons set forth below, plaintiff is granted twenty days to file an amended complaint to proceed with this action.

---

[1] Plaintiff provided the prisoner authorization form that was missing from his original filing, and a letter in which he seeks to pay the court's filing fee in installments upon his release from prison. There is no provision for paying the court's filing fee in installments or for waiting until plaintiff is released from prison in order satisfy the filing fee requirement. Although his letter, sent from Ogdensburg Correctional Facility, intimates that plaintiff has been released or may soon be released, is employed, and is able to pay $100.00 installments to the court, according the records of the Department of Corrections and Community Supervision, plaintiff's earliest release date is May 16, 2020. See http://nysdoccslookup.doccs.ny.gov/ (last visited December 29, 2017). Thus, and as stated in the prisoner authorization form signed by plaintiff, the Prison Litigation Reform Act's *in forma pauperis* statute requires that plaintiff pay the entire filing fee and that the fee will be collected in installments from plaintiff's prison trust found account. 28 U.S.C. § 1915(b).

**BACKGROUND**

Plaintiff alleges that he was arrested by defendant police officers Lin and Lewis on February 4, 2014 and subsequently prosecuted by the Queens County District Attorney's Office. He alleges that the officers did not have probable cause for the arrest, and that they "fabricated smelling marijuana," the location of his arrest, and their claim that he was talking on an "I-phone" while driving his car. The officers then conducted what plaintiff describes as an unlawful search of his person at the 113th precinct, and he alleges that the prosecutors colluded to maliciously prosecute him despite their knowledge that the officers had filed false reports. Plaintiff states that the crime for which his vehicle was stopped (driving under the influence) was dismissed, but that he is serving a seven-year sentence as a result of the February 4, 2014 arrest. The Court takes judicial notice that plaintiff is incarcerated for a 2017 conviction for criminal possession of a controlled substance in the fourth degree.[2]

**DISCUSSION**

**A. Standard of Review**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

---

[2] See http://nysdoccslookup.doccs.ny.gov/ (last visited December 29, 2017).

Likewise, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court construes plaintiff's *pro se* pleadings liberally, particularly because they allege civil rights violations. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers labels and conclusions, or a formulaic recitation of the elements of a cause of action will not do." Id. (quotations and citations omitted). Similarly, a complaint is insufficient to state a claim "if it tenders naked assertion[s] devoid of further factual enhancement." Id. (quotations omitted).

### B. Statute of Limitations

Two of plaintiff's three claims appear to be time-barred. He commenced this action on November 28, 2017. Claims brought pursuant to 42 U.S.C. §1983 must be filed within three years of the date on which such claims accrue. See Milan v. Wertheimer, 808 F.3d 961, 963-64 (2d Cir. 2015). Accrual occurs when the plaintiff has "a complete and present cause of action,

that is, when the plaintiff can file suit and obtain relief." Wallace v. Kato, 549 U.S. 384, 388, 127 S.Ct. 1091 (2007) (citations and quotations omitted); see also Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) (federal claims accrue at "a point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action"). The statute of limitations for illegal search and false arrest claims begins to run at the time of detention under legal process, such as at an arraignment. See Wallace v. Kato, 549 U.S. 384, 389–91, 397, 127 S.Ct. 1091 (2007). Here, the limitations period on plaintiff's false arrest and illegal search claim based on his February 4, 2014 arrest and search began to run when he was arraigned, a date not provided by plaintiff, but most likely beyond the three-year statute of limitations applicable to 42 U.S.C. § 1983 actions. Wallace, 549 U.S. at 388.

As for the malicious prosecution claim, the statute of limitations time begins when "the underlying criminal action is conclusively terminated." Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995). Plaintiff does not provide the date on which the underlying criminal action was terminated, but New York State Department of Corrections and Community Supervision records indicate that it was terminated in 2017, less than three years before the filing of this action. Assuming his prosecution terminated later than November 28, 2014, that is, less than three years before he filed this complaint on November 28, 2017, this claim is timely.

In his amended complaint, plaintiff should provide the dates of his arraignment. Plaintiff should also provide the dates of his trial and conviction, the charges, and the result so that the court can determine the timeliness of his claims. See Milan v. Wertheimer, 808 F.3d at 963-64 (affirming *sua sponte* dismissal of claims based on statute of limitations).

C. **Favorable Termination Rule**

To the extent plaintiff seeks damages, this § 1983 action appears to also be barred by the

4

favorable termination rule of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).

In Heck, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-7; see also Amaker v. Weiner, 179 F.3d 48 (2d Cir. 1999) (dismissal under Heck is without prejudice; if plaintiff's conviction is declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated). The favorable termination rule was extended to actions for declaratory relief by Balisok.

Here, plaintiff does not allege that he has successfully challenged his allegedly unconstitutional conviction arising from his February 4, 2014 arrest. He says that he has been "incarcerated for almost four years [and] sentenced to seven" because of this allegedly false arrest, illegal search and malicious prosecution. He also states that the DUI charge was dismissed but the "court in a bench trial refused to dismiss all the charges knowing it was based on false reports by Officer Lewis and Lin,"

Where "plaintiff's allegations attempt to undermine the legality of his . . . entire prosecution, such that a challenge is to both the counts for which plaintiff was acquitted and for which he or she was convicted, a lawsuit will be barred by Heck." Bailey v. City of New York, 79 F. Supp. 3d 424, 448 (E.D.N.Y. 2015) (citations omitted); see e.g., Zarro v. Spitzer, 274 F. App'x 31, 34 (2d Cir. 2008) ("Counts 1 and 12 both rest on the alleged illegality of the entire investigation and prosecution of this case. Granting relief on either count would require finding

5

that the prosecutor acted without legal authority, without probable cause, or in violation of [p]laintiff's constitutional rights. Such a finding would necessarily impugn the validity of [p]laintiff's conviction.").

Since it is appears that a "finding that the [officers and] prosecutor acted without legal authority, without probable cause, or in violation of [p]laintiff's constitutional rights . . . would necessarily impugn the validity of [p]laintiff's conviction," the complaint is barred by Heck and should be dismissed without prejudice for failure to state a claim on which relief may be granted. Id. If plaintiff has information to overcome the favorable termination rule, or if he intends to clarify that he is only challenging his arrest and prosecution for DUI and not the other charge(s), he should amend his complaint accordingly.

### D. Criminal Prosecution of District Attorneys

To the extent plaintiff seeks the prosecution of the Queens County District Attorney Richard Brown and assistant district attorney Courtney Charles, those claims are also dismissed. As a private citizen, Baez may not bring criminal charges, which is the purview of prosecuting authorities. Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.") (internal quotations omitted).

## CONCLUSION

As currently stated, the claims are subject to dismissal for failure to state a claim on which relief may be granted because they are either time-barred, barred by the favorable termination rule, or barred by both. In light of plaintiff's *pro se* status, however, plaintiff is granted twenty (20) days to amend his complaint. Should plaintiff decide to file an amended complaint, it must be submitted within twenty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order.

In the amended complaint, plaintiff should provide information regarding the charges, result and timing of his criminal prosecution, including the date of his arrest, search, arraignment, trial and judgment of conviction. He should name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint and provide the dates and locations for each relevant event. Plaintiff must describe each individual and the role each individual played in the alleged deprivation of his rights. Plaintiff is advised that the amended complaint will completely replace the original complaint, so he must include in it any allegations he wishes to pursue against proper defendants. To aid plaintiff with this task, the Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights" form.

Further, if plaintiff fails to comply with this Order within the time allowed, the action shall be dismissed and judgment shall enter. If submitted, the amended complaint will be reviewed for compliance with this Order and with 28 U.S.C. § 1915A & 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917 (1962).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

Dated: Brooklyn, New York
　　　　January 5, 2018