UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                    C/M
------------------------------------------------------- X
                                                        :
MELVIN BAEZ,                                            :      **MEMORANDUM DECISION**
                                                        :      **AND ORDER**
                                  Plaintiff,            :
                        - against -                     :      17-cv-7063 (BMC) (PK)
                                                        :
THE CITY OF NEW YORK, P.O. MARK                         :
LEWIS, P.O. LIN, DA RICHARD BROWN,                      :
ADA COURTNEY CHARLES,                                   :
                                                        :
                                  Defendants.           :
------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff Melvin Baez, incarcerated at Ogdensburg Correctional Facility, filed this *pro se*

complaint pursuant to 42 U.S.C. § 1983 alleging false arrest, malicious prosecution, and illegal

search in violation of his constitutional rights arising from his February 4, 2014 arrest and

detention in Queens, New York, and his subsequent prosecution in the Supreme Court of New

York, Queens County. By Order filed January 9, 2018, plaintiff was informed that all of his

claims were subject to dismissal for failure to state a claim on which relief may be granted

because they are either time-barred, barred by the favorable termination rule, or barred by both.

In light of plaintiff's *pro se* status, the Court granted twenty days to file an amended complaint.[1]

Plaintiff has now submitted a timely amended complaint alleging false arrest and malicious

prosecution that completely replaces his original complaint. For the reasons set forth below, the

amended complaint is dismissed.

---

[1] By Order filed February 27, 2018, plaintiff was granted an additional twenty days to file an amended
complaint because plaintiff had informed the Court that he did not receive the Court's January 9, 2018
Order.

## BACKGROUND

Plaintiff alleges that he was arrested by defendant police officers Lin and Lewis on February 4, 2014 and subsequently prosecuted by the Queens County District Attorney's Office. He has been detained pursuant to the arrest and prosecution or incarcerated pursuant to the conviction since he was arrested. He alleges that the officers did not have probable cause for the arrest because they "fabricated smelling marijuana and observing [plaintiff] under the influence of marijuana" and "staged" the location of his arrest. Plaintiff further claims that the prosecutors colluded to maliciously prosecute him despite their knowledge that the officers had filed false reports in support of the DUI charges. Plaintiff alleges that he was arraigned on March 17, 2014, his trial occurred in October 2016,[2] he was found not guilty of DUI in November 2016, and was sentenced in February 2017. Plaintiff states that in addition to the DUI charge, he was also found not guilty of the charges of possession with intent to sell and tampering with evidence. He states that he was sentenced to seven years in prison and three years of post-release supervision, but does not state the charge(s) of which he was convicted. The Court takes judicial notice that plaintiff is incarcerated for a 2017 Queens County conviction for criminal possession of a controlled substance in the fourth degree. See http://nysdoccslookup.doccs.ny.gov/ (last visited March 13, 2018). He seeks damages and the firing and indictment of the prosecutors assigned to his case.

## DISCUSSION

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

---

[2] The amended complaint provides that the trial and dismissal of the DUI charge occurred in 2017 but it is clear in the context of the complaint and independently verifiable information such as court and prison records that these events occurred in 2016. For example, his sentencing was in February 2017 and could not predate the trial and judgment of conviction and he submitted this complaint in November 2017.

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Likewise, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Court construes plaintiff's *pro se* pleadings liberally, particularly because they allege civil rights violations. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted). However, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quotations and citations omitted). Similarly, a

complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quotations omitted).

Plaintiff was informed by the Court's January 9, 2018 order that the claims in his complaint were either barred by the favorable termination rule or time-barred, or barred by both. The Order also explained these terms to him, gave him an opportunity to amend his complaint and instructed that he should provide information regarding the charges, result and timing of his criminal prosecution, and relevant dates of his arrest, search, arraignment, trial and judgment of conviction. The Court has reviewed the amended complaint. Plaintiff's false arrest claim is dismissed as time-barred and barred by the favorable termination rule; his malicious prosecution claim is dismissed under the favorable termination rule.

Claims brought pursuant to 42 U.S.C. §1983 must be filed within three years of the date on which such claims accrue. See Milan v. Wertheimer, 808 F.3d 961, 963-64 (2d Cir. 2015). The standard rule is that accrual occurs when the plaintiff has "a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Wallace v. Kato, 549 U.S. 384, 388 (2007) (citations and quotations omitted); see also Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980) (federal claims accrue at "a point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action").

The statute of limitations for false arrest claims begins to run at the time of detention under legal process, such as at an arraignment. See Wallace v. Kato, 549 U.S. at 389-91, 397. Here, the limitations period on plaintiff's false arrest claim based on his February 4, 2014 arrest began to run when he was arraigned on March 17, 2014. This action was filed on November 28, 2017, eight months beyond the three-year statute of limitations applicable to 42 U.S.C. § 1983 actions. Wallace, 549 U.S. at 388; see Milan v. Wertheimer, 808 F.3d at 963-64 (affirming *sua*

*sponte* dismissal of claims based on statute of limitations).  Plaintiff provides no explanation for the delay.  Plaintiff's false arrest claim is dismissed as time-barred.  28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

Both the malicious prosecution and false arrest claims are barred by the favorable termination rule.  Plaintiff provides in his amended complaint that he was found "not guilty of DUI and possession with attempt to sell, PL 220.161, and not guilty of tampering with evidence" charges.  Although the complaint and the amended complaint are silent as to the charge(s) of which plaintiff was convicted, he states that he has been "a prisoner in the custody" of city and state facilities since his arrest.  Plaintiff is incarcerated at Ogdensburg Correctional Facility pursuant to a 2017 conviction for criminal possession of a controlled substance in the fourth degree.

To the extent plaintiff seeks damages, this § 1983 action is barred by the favorable termination rule of <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87 (1994) and <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997).

In <u>Heck</u>, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-7; <u>see</u> <u>Amaker v. Weiner</u>, 179 F.3d 48 (2d Cir.1999) (dismissal under <u>Heck</u> is without prejudice; if plaintiff's conviction is declared invalid or called into question by a federal court's issuance of a writ of habeas corpus, the suit may be reinstated).  The favorable termination rule was extended to actions for declaratory relief by <u>Balisok</u>, 520 U.S. at 641.

Here, plaintiff does not allege that he has successfully challenged his allegedly unconstitutional conviction arising from his February 4, 2014 arrest, only that he was found not guilty of three of the charges, including the main charge, DUI. Where "plaintiff's allegations attempt to undermine the legality of his . . . entire prosecution, such that a challenge is to both the counts for which plaintiff was acquitted and for which he or she was convicted, a lawsuit will be barred by Heck." Bailey v. City of New York, 79 F. Supp. 3d 424, 448 (E.D.N.Y. 2015) (citations omitted). Since finding that the officers and prosecutor acted without legal authority, without probable cause, or in violation of plaintiff's constitutional rights would necessarily challenge the validity of plaintiff's conviction, the amended complaint is barred by Heck and is dismissed without prejudice for failure to state a claim on which relief may be granted. See Id.; 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

In his amended complaint, plaintiff again seeks the arrest and prosecution of the Queens County District Attorney Richard Brown and assistant district attorney Courtney Charles. Those claims are also dismissed. As a private citizen, Baez may not bring criminal charges. It is the purview of prosecuting authorities who have unreviewable discretion over the decision to prosecute. See Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) ("'[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)).

To the extent plaintiff seeks to bring a claim against New York City, that claim is also dismissed. Congress did not intend municipalities to be held liable under Section 1983, "unless action pursuant to official municipal policy of some nature caused a constitutional tort." Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Thus,

> to prevail on a claim against a municipality under Section 1983 based on acts of a
> public official, a plaintiff is required to prove: (1) actions taken under color of

law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury.

Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). The fifth element reflects the principle that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." Board of County Commissioners v. Brown, 520 U.S. 397, 403 (1997). In other words, a municipality may not be held liable under § 1983 "by application of the doctrine of *respondeat superior*." Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986) (plurality opinion). Rather, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Plaintiff has failed to allege any facts that would support an inference that an official policy or custom of the City of New York caused a violation of his federally protected rights. Accordingly, the § 1983 claim against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

## CONCLUSION

Accordingly, the action is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b)(1). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma*

*pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**


_____
U.S.D.J.


Dated: Brooklyn, New York
        March 13, 2018